[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13602
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01621-AAS

NADIA RODRIGUEZ,

                                                        Plaintiff-Appellant,

versus

MIAMI DADE COUNTY PUBLIC HOUSING
AND COMMUNITY DEVELOPMENT,

                                                                Defendant,

MIAMI DADE COUNTY,

                                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 13, 2019)

Before WILLIAM PRYOR, GRANT and BLACK, Circuit Judges.

PER CURIAM:

Nadia Rodriguez, a Cuban woman now appearing *pro se*, appeals (1) the district court's grant of summary judgment, in favor of her employer, Miami Dade County (the County), as to her Title VII retaliatory termination claim, and (2) the jury's verdict in favor of the County on her Title VII national origin discrimination claim.[1]  After review, we affirm.

## I.  Title VII Retaliation

We find no error in the district court's grant of summary judgment in favor of the County as to Rodriguez's retaliatory termination claim under Title VII.  *See Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001) (reviewing a grant of summary judgment *de novo*, viewing all facts in the record in the light most favorable to the nonmovant and drawing all inferences in her favor).

The evidence in the record shows Rodriguez did not engage in any statutorily protected conduct before the County fired her.  *See Brown v. Ala. Dep't*

---

[1] Rodriguez also raised claims of retaliation under the Federal False Claims Act and of a hostile work environment under Title VII (Claims III and IV in the Second Amended Complaint), which the district court disposed of via summary judgment.  Although she purports to challenge the resolution of these claims on appeal, she does not offer any substantive or specific arguments concerning them.  She devotes a section of her initial brief to these claims, but proceeds to discuss only whether "there is documentary evidence in the record to show that [she] was engaged in protected activity" for purposes of her Title VII retaliation claim. Accordingly, those claims have been abandoned on appeal, and we need not address them.  *See Denney v. City of Albany*, 247 F.3d 1172, 1182 (11th Cir. 2001).

*of Transp.*, 597 F.3d 1160, 1181 (11th Cir. 2010) (stating that to make out a *prima facie* case of retaliation, a plaintiff must show that:  (1) she engaged in a statutorily protected activity; (2) she suffered a materially adverse action; and (3) there is a casual connection between the protected activity and the materially adverse action).  While Rodriguez did report that her supervisor, Leshia Elie, harassed her on several occasions, she never specified that the harassment was based on, or involved derogatory comments about, her national origin.  Rather, the complaints concerned Elie's management style and her public criticism of Rodriguez's job performance,  and one of the complaints even specifically noted Rodriguez did not know why Elie was treating her poorly.  Rodriguez certainly put forth evidence that Elie made discriminatory comments concerning her national origin, but she failed to produce any evidence that she then reported or complained about those specific comments, even acknowledging in a deposition that she never reported Elie's derogatory comments to anyone before she was fired.

Rodriguez's general complaint about Elie's poor treatment of her is insufficient to establish that she engaged in protected activity.  *See Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1311 (11th Cir. 2016) (noting that, while a formal complaint is not necessary to establish that a plaintiff engaged in a protected activity, she must have explicitly or implicitly communicated her belief that the employer's practice constituted unlawful employment discrimination);

3

*Coutu v. Martin Cty. Bd. of Cty. Comm'rs*, 47 F.3d 1068, 1074 (11th Cir. 1995) (noting that a complaint that alleges unfair treatment but does not relate the treatment to a protected classification does not constitute statutorily protected activity). Accordingly, we affirm the district court's grant of summary judgment in favor of the County as to Rodriguez's Title VII retaliatory termination claim.

## II.  Title VII National Origin Discrimination

Rodriguez also challenges the jury's verdict in favor of the County on her Title VII discrimination claim, arguing there was insufficient evidence for the jury to find that the County was not motivated by her national origin in deciding to fire her, in part because the County presented the jury with false testimony provided by Elie. However, we are unable to review the sufficiency of the evidence in this case for two reasons.

First, Rodriguez—who was represented by counsel at trial—failed to move for a directed verdict at trial before the evidence was submitted to the jury. *See Walters v. City of Atlanta*, 803 F.2d 1135, 1146 (11th Cir. 1986) ("The sufficiency of the evidence may not be challenged on appeal unless it was raised in a motion for directed verdict which specifically stated the ground raised on appeal.").[2]  As a

---

[2] Rodriguez offers two excuses for her failure to move for a directed verdict, neither of which is compelling. First, she erroneously claims the district court's prior denial of her motion for summary judgment as to this claim somehow precluded her from moving for a directed verdict at trial. Second, she claims she "wanted to present a post trial motion" on this claim, "but her lawyers objected." However, a "post trial motion" is not a motion for a directed verdict, and,

4

result, our inquiry is limited to "whether there was *any* evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was noted which, if not noticed, would result in a 'manifest miscarriage of justice." *Wilson v. Attaway*, 575 F.2d 1227, 1237 (11th Cir. 1985).

However, we cannot conduct even this cursory and deferential review of the evidence due to the second issue here: Rodriguez's failure to provide a complete trial transcript for our review on appeal. *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); *see also Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) ("[P]*ro se* appellants, like appellants represented by counsel, must provide trial transcripts in the appellate record to enable this court to review challenges to sufficiency of the evidence.").

Rodriguez insists we should not affirm the jury's verdict on this basis because she provided relevant excerpts from the trial, specifically Elie's testimony, which she claims was false. However, it is impossible to evaluate the effect of this allegedly false testimony on the sufficiency of all the evidence presented without

---

in any case, Rodriguez points to no authority indicating that ineffective assistance of counsel may excuse a party's failure to preserve a sufficiency claim in a civil proceeding.

reviewing the complete trial transcript.  Moreover, Rodriguez offers little more than her bare assertion to establish that Elie's testimony was false or perjured.

She also asserts it was the County's responsibility to produce a complete transcript, to the extent one was needed, when she failed to do so.  She points to 11th Cir. R. 30-1(b), which instructs an appellee to  "file its own supplemental appendix" where "the appellant's appendix is deficient or if the appellee's brief . . . relies on parts of the record not included in appellant's appendix."  But requiring that an appellee submit a supplemental appendix composed of documents *already in the record* is quite different from requiring that appellee to pay to produce a trial transcript that does not otherwise exist in the record.  As noted above, our precedent and the federal rules make clear that, as the party urging that the jury's verdict was unsupported by the evidence, it was Rodriguez's job to provide us with a complete trial transcript.  *See Loren*, 309 F.3d at 1304.

Accordingly, because Rodriguez failed to move for a directed verdict at trial and because we cannot conduct the requisite review of the evidence without a complete trial transcript, we affirm the jury's verdict in favor of the County as to Rodriguez's Title VII discrimination claim.

**AFFIRMED.**